BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2708

**FILED**

FEB - 3 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 2:11-CR-0054 GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | VIOLATION: 18 U.S.C. § 1343 - Wire |
| v. | ) | Fraud (six counts); 18 U.S.C. § |
| | ) | 981(a)(1)(C), 28 U.S.C. § 2461(c) |
| CHRISTOPHER JACKSON, | ) | - Forfeiture Allegation |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

I N D I C T M E N T

COUNTS ONE THROUGH FIVE: [18 U.S.C. § 1343 - Wire Fraud]

The Grand Jury charges:

CHRISTOPHER JACKSON,

defendant herein, as follows:

1.   At all times material herein,

    a.   Defendant CHRISTOPHER JACKSON was an individual living in the City of Elk Grove in the County of Sacramento in the State and Eastern District of California.

    b.   Genesis Innovations, Inc. ("Genesis Innovations") was a California Corporation registered in the name of another person

1  known to the Grand Jury but controlled by defendant CHRISTOPHER
2  JACKSON.

3      c.    Genesis Innovations had a bank account at the Bank of
4  America ("The Genesis Innovations Account").  Defendant CHRISTOPHER
5  JACKSON and another person known to the Grand Jury had signature
6  authority over this account.

7      d.    Company E was an administrator of self-directed individual
8  retirement accounts ("IRAs") not alleged to be a schemer in this
9  case.  A self-directed IRA is one that allows its owner to choose
10 his or her own investments.  A person who wanted to move his or her
11 tax-deferred retirement account money from one investment to another
12 could do so through Company E without paying taxes or penalties for
13 a withdrawal of such funds.

14                        SCHEME TO DEFRAUD
15 2.   Beginning no later than on or about June 2, 2005 and continuing
16 through on or about January 12, 2009, in the Eastern District of
17 California and elsewhere, defendant CHRISTOPHER JACKSON devised and
18 intended to devise a scheme and artifice to defraud and for
19 obtaining money and property by means of materially false and
20 fraudulent pretenses, representations and promises, in that he told
21 people that he was receiving their money for the purpose of
22 investing it in real estate on their behalf, when, actually, he was
23 using their money to pay purported returns to earlier investors and
24 for his own personal benefit.

25                        WAYS AND MEANS
26 3.   In furtherance of the aforesaid scheme and artifice to defraud,
27 defendant CHRISTOPHER JACKSON employed, among others, the following
28 ways and means:

                                2

1    a.   Defendant CHRISTOPHER JACKSON induced tens of people
2  ("Victims") to give him money by saying that he would cause the
3  money to be used to buy land or to build structures for a
4  residential real estate enterprise that would then return profits to
5  investors.

6    b.   Defendant CHRISTOPHER JACKSON received money from Victims:
7        i.   ordinary taxable asset accounts, such as bank savings
8  accounts;

9        ii.  tax-deferred retirement accounts, that is, IRA and
10 401(k) accounts; and

11       iii. proceeds of "cash out" residential mortgage
12 refinancings.

13   c.   When defendant CHRISTOPHER JACKSON induced a Victim to
14 give him money from a tax-deferred retirement account, he also
15 recommended that the Victim use Company E so that they would not
16 incur penalties or tax liability for withdrawal of tax-deferred
17 investment funds.

18   d.   Each time that a Victim, acting on recommendation from
19 defendant CHRISTOPHER JACKSON, used Company E to send the Victim's
20 own tax-deferred retirement savings to the Genesis Innovations
21 Account, Company E caused its bank to wire money to Genesis
22 Innovations Account through the FedWire Funds Transfer System of the
23 Federal Reserve Bank of New York ("FedWire").  Each wiring from
24 Company E through FedWire to the Genesis Innovations Account passed
25 from FedWire's data center in East Rutherford, New Jersey to the
26 Bank of America in San Francisco, California.

27   e.   When Victim Diana V., acting on a recommendation from
28 defendant CHRISTOPHER JACKSON, used First American Title to send

                              3

proceeds from a "cash out" home refinancing to the Genesis
Innovations Account, First American Title caused its bank to wire
money to Genesis Innovations Account through FedWire.  Each wiring
through FedWire to the Genesis Innovations Account passed from
FedWire's data center in East Rutherford, New Jersey to the Bank of
America in San Francisco, California.

f.    Between on or about June 2, 2005 and on or about January
12, 2009, the Genesis Innovations Account received approximately $11
million in deposits.  The money came from approximately 77
individuals and at least two title companies.  At least $8.5 million
was not invested in real estate as promised.  Rather, it was used to
pay purported returns to other investors and was used to pay for
defendant CHRISTOPHER JACKSON's personal expenses, including his
lease of Lamborghini and Land Rover automobiles, frequent dining at
high-end restaurants, lodging at luxury hotels, purchase of
expensive diamond jewelry, and substantial home improvements.

WIRINGS

4.    On or about the dates set forth below, defendant CHRISTOPHER
JACKSON, acting in the Eastern District of California, for the
purpose of executing and attempting to execute the aforementioned
scheme to defraud, did knowingly transmit and cause to be
transmitted by means of wire communication in interstate commerce
certain writings, signs, and signals, to wit, wire transfers from
the Victims identified in the chart below in the amounts indicated
below, each wire transmission passing from East Rutherford, New
Jersey to San Francisco, California:

//
//

4

| COUNT | VICTIM | DATE | AMOUNT |
|-------|--------|------|--------|
| 1 | John A. | August 23, 2006 | $149,880.00 |
| 2 | Mae B. | April 30, 2007 | $21,790.50 |
| 3 | Lynda W. | June 29, 2007 | $180,639.30 |
| 4 | Maria M. | November 30, 2007 | $240,000.00 |
| 5 | Wanda S. | July 9, 2008 | $295,000.00 |

All in violation of Title 18, United States Code, Sections 2 and 1343.

COUNT SIX:      [18 U.S.C. § 1343 - Wire Fraud]

The Grand Jury further charges CHRISTOPHER JACKSON defendant herein, as follows:

5.   The allegations set forth in Paragraphs 1-3 are hereby realleged and incorporated by reference.

6.   On or about August 8, 2006, defendant CHRISTOPHER JACKSON, acting in the Eastern District of California, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, to wit $200,000.00 from Victim Diana V.'s "cash out" refinancing, such wire transmission passing from East Rutherford, New Jersey to San Francisco, California.  All in violation of Title 18, United States Code, Sections 2 and 1343.

FORFEITURE ALLEGATIONS:   [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(a) - Criminal Forfeiture]

7.   Upon conviction of the offenses alleged in Counts One through Six of this Indictment, defendant CHRISTOPHER JACKSON shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

1  2461(c), any property, real or personal, constituting or derived

2  from proceeds traceable to said violations.

3  8.    If any property subject to forfeiture, as a result of the

4  offenses alleged in Counts One through Six of this Indictment:

5       (a)   cannot be located upon the exercise of due diligence;

6       (b)   has been transferred or sold to, or deposited with, a

7             third person;

8       (c)   has been placed beyond the jurisdiction of the Court;

9       (d)   has been substantially diminished in value; or

10      (e)   has been commingled with other property which cannot be

11            subdivided without difficulty;

12  it is the intent of the United States, pursuant to Title 18, United

13  States Code, Section 982(b)(1), incorporating Title 21, United

14  States Code, Section 853(p), to seek forfeiture of any other

15  property of said defendant, up to the value of the property subject

16  to forfeiture.

17

18                              A TRUE BILL.

19                              /s/ Signature on file w/AUSA

20                              _____

21                              FOREPERSON

22

23  BENJAMIN B. WAGNER
    United States Attorney

24

25

26

27

28

                              6

No. _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

### CHRISTOPHER JACKSON

### I N D I C T M E N T

**VIOLATION(S):** 18  U.S.C. § 1343 - Wire Fraud ( six counts); 18
U.S.C. § 981 (a)(1) (C) , 28 U.S.C. §  2461 (c) - Forfeiture
Allegation

*A true bill,*

_____|5|_____
*Foreman.*

*Filed in open court this* _ _ _ _ 3 _ _ _ _ _ _ _ _ *day*

*of* _ _ FEBRUARY _ _ _ , *A.D. 20* 11 _ _ _

_____
*Clerk.*

*Bail, $* _ _ _ _ _ _ **NO PROCESS NECESSARY**

_ _ _ _ _ _ _ _ _ _ _ GREGORY G. HOLLOWS _ _ _ _ _

GPO 863 525

2:11 - CR - 0054 GEB

<u>PENALTY SLIP</u>

DEFENDANT:     **CHRISTOPHER JACKSON**

**COUNTS ONE through SIX**
VIOLATION:      18 U.S.C. § 1343 - Wire Fraud (Six Counts)
PENALTY:        Not more than $250,000 fine, or
                Not more than 20 years imprisonment, or both
                Term of 3 years supervised release.

PENALTY
ASSESSMENT:     $100.00 special assessment each count

FORFEITURE
ALLEGATION      18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c)

2:11 - CR - 0054 GEB