1  BENJAMIN B. WAGNER
   United States Attorney
2  MATTHEW D. SEGAL
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2708



FILED

SEP 1 4 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK



5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    CR S. 2:11-cr-0054 GEB
                                   )
12              Plaintiff,         )
                                   )
13                                 )    VIOLATION: 18 U.S.C. § 1343 - Wire
        v.                         )    Fraud (Twenty-four Counts); 18
14                                 )    U.S.C. § 1341 - Mail Fraud (Three
    MICHAEL BOLDEN,                )    Counts); 18 U.S.C. § 981(a)(1)(C),
15  CHRISTOPHER JACKSON,           )    28 U.S.C. § 2461(c) - Forfeiture
    VICTOR ALVARADO,               )    Allegation
16  ERICA ARCEO, and               )
    NICHOLO C. ARCEO,              )
17                                 )
                                   )
18              Defendants.        )
                                   )
19  _____)

20            S U P E R S E D I N G   I N D I C T M E N T

21  COUNTS ONE THROUGH TWENTY-SEVEN:    [18 U.S.C. § 1343 - Wire Fraud]

22       The Grand Jury charges:

23                        MICHAEL BOLDEN,
                      CHRISTOPHER JACKSON,
24                       VICTOR ALVARADO,
                        ERICA ARCEO, and
25                       NICHOLO ARCEO,

26  defendants herein, as follows:

27  1.   At all times material herein,

28       a.   Defendant MICHAEL BOLDEN was an individual living in

1  Sacramento County in the State and Eastern District of California.
2  Defendant BOLDEN controlled Diversified Management Consultants, Inc.
3  ("DMC"). DMC functioned as an umbrella organization for various
4  "Investment Clubs," including Stargate Management, Inc.
5  ("Stargate"), KOA Weaver Estates, LP ("KOA Weaver"), Genesis
6  Innovations, Inc. ("Genesis Innovations"), Equishare Capital Group,
7  Inc. ("Equishare"), Envision Capital Group, Inc. ("Envision"), and
8  Vantage Point Administrative Services, Inc. ("Vantage Point").
9  Stargate and KOA Weaver were Defendant BOLDEN's Investment Clubs.
10 Defendant BOLDEN was the signor on separate DMC, Stargate, and KOA
11 Weaver accounts at Bank of America.

12     b.     Defendant CHRISTOPHER JACKSON was an individual living in
13 the City of Elk Grove in Sacramento County in the State and Eastern
14 District of California. Defendant JACKSON controlled Genesis
15 Innovations, a California Corporation registered in the name of
16 another person. Genesis Innovations had a bank account at Bank of
17 America ("The Genesis Innovations Account"). Defendant CHRISTOPHER
18 JACKSON and another person had signature authority over this
19 account.

20     c.     Defendant VICTOR ALVARADO was an individual living in
21 Sacramento County in the State and Eastern District of California.
22 Defendant ALVARADO controlled Equishare, a California corporation.
23 Defendant ALVARADO was the signor on Equishare's accounts at the
24 Bank of America.

25     d.     Defendant NICHOLO ARCEO was an individual living in
26 Sacramento County in the State and Eastern District of California.
27 Defendant NICHOLO ARCEO controlled Envision and Vantage Point.
28 Envision and Vantage Point were both California corporations.

2

Defendant ARCEO maintained a bank account for Vantage Point at Bank of America.

    e.    Defendant ERICA ARCEO was an individual residing in Sacramento County in the State and Eastern District of California and the wife of defendant NICHOLO ARCEO. Defendant ERICA ARCEO was a member of the California Bar and represented herself as the lawyer for Envision. Defendant ERICA ARCEO, defendant NICHOLO ARCEO, and another person known to the Grand Jury were all signatories on the Envision bank account at Wells Fargo Bank.

    f.    Company E was an administrator of self-directed individual retirement accounts ("IRAs") not alleged to be a schemer in this case. A self-directed IRA is one that allows its owner to choose his or her own investments. A person who wanted to move his or her tax-deferred retirement account money from one investment to another could do so through Company E without paying taxes or penalties for a withdrawal of such funds.

    g.    "Victims" were people induced to give their money to DMC Investment Clubs on the false premise that it would be invested in real estate.

SCHEME TO DEFRAUD

2.    Beginning no later than on or about April 1, 2003, and continuing through on or about June 1, 2009, in the Eastern District of California and elsewhere, defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO, and others known and unknown to the Grand Jury, devised and intended to devise a material scheme and artifice to defraud Victims and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, in that they falsely

3

represented to Victims that DMC and its various associated Investment Clubs would invest Victims' money for the purpose of investing it in real estate for a substantial rate of return, when, actually, the defendants used Victims' money to pay purported returns to earlier investors and for the defendants' own personal benefit. As a result of the scheme, at least one hundred and eighty Victims were defrauded out of at least twenty-six million dollars.

<u>WAYS AND MEANS</u>

3.   In furtherance of the aforesaid scheme and artifice to defraud, defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO employed, among others, the following ways and means, which they orchestrated in Sacramento, California:

a.   Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO and NICHOLO C. ARCEO induced Victims to provide money to defendants and represented that the Victims' money would be used to buy land or to build structures for a residential real estate enterprise that would then return investment profits to the Victims.

b.   Defendant MICHAEL BOLDEN and DMC were at the center of all of the efforts of the Investment Clubs.  DMC held meetings at which defendant BOLDEN and others known and unknown to the Grand Jury, including other defendants charged herein, told groups of potential Victims how, through DMC Investment Clubs, they could safely and very profitably invest their home equity and retirement savings. The DMC Investment Clubs made the same essential solicitation to Victims.  At times, Victims would give money to more than one DMC Investment Club.

c.   Defendant BOLDEN held routine meetings among all of the

4

1 Investment Club managers at which they discussed strategy.

2 Defendant BOLDEN instructed the managers, among other things, that

3 they needed to recruit more Victims "to keep the lights on."

4     d.    Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR

5 ALVARADO, ERICA ARCEO, and NICHOLO ARCEO induced Victims to give

6 them money from the Victims':

7     i.    ordinary taxable asset accounts, such as bank savings

8 accounts;

9     ii.    tax-deferred retirement accounts, that is, IRA and

10 401(k) accounts; and

11     iii. proceeds of "cash out" residential mortgage

12 refinancings.

13     e.    When Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON,

14 VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO induced a Victim to

15 give them money from a tax-deferred retirement account, they also

16 recommended that the Victim use Company E so that they would not

17 incur penalties or tax liability for withdrawal of tax-deferred

18 investment funds.

19     f.    Each time that a Victim, acting on recommendation from

20 defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO,

21 ERICA ARCEO, and NICHOLO ARCEO, used Company E to send the Victim's

22 own tax-deferred retirement savings to one of the defendants,

23 Company E caused its bank to wire money to one of the Investment

24 Clubs' accounts through the FedWire Funds Transfer System of the

25 Federal Reserve Bank of New York ("FedWire"). Each wiring through

26 FedWire to an account at Bank of America or Wells Fargo passed from

27 FedWire's data center in East Rutherford, New Jersey to California

28 to either bank, which each received FedWire wirings in San

5

Francisco, California.

g. When a victim used a title company to wire proceeds from a "cash out" home refinancing to any of the investment clubs, the title company caused its bank to wire money to the investment club account through FedWire. Each wiring through FedWire to an investment club's account passed from FedWire's data center in East Rutherford, New Jersey to California.

h. The vast majority of the "cash out" home refinancings done to invest money with DMC Investment Clubs were done through two different mortgage brokerages. In many of these refinancings, borrower equity was disbursed to at least one DMC Investment Club and characterized as fees for commissions and referrals. Also, each brokerage paid DMC a fee from escrow for each refinancing and a payment outside of escrow for each refinancing.

i. Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO also solicited home owners to sell their residences to straw buyers referred to as "Credit Use Buyers." These were referred to as "Wrap-Around" or "lease option to purchase" transactions. The defendants told sellers that they could remain in their homes while the Credit Use Buyer and Investment Clubs paid the monthly mortgage payments. In fact, each Investment Club took large amounts of equity from each "sale" to a Credit Use Buyer and not all of the mortgage payments were made.

j. Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO did not use Victims' money to buy land and build structures for a residential real estate enterprise as promised.

k. Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR

6

ALVARADO, ERICA ARCEO, and NICHOLO ARCEO paid themselves from money that they had received from Victims on the false pretense that it would be invested.

l.   Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO used later-investing Victims' money to pay earlier Victims and falsely represented those payments as returns on the earlier Victims' investments.

m.   Defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON, VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO used Victims' money for other expenses such as paying mortgage payments on loans held in the names of others.

### BOLDEN AND ARCEO WIRINGS

4.   Between in or about April 2003 and in or about October 2009, the Stargate and KOA Weaver accounts received approximately $9,190,462 in deposits.  The money came from approximately 80 individuals.  The vast majority of the money was not invested in real estate as promised.  Rather, it was used to pay purported returns to other investors, defendant MICHAEL BOLDEN's personal expenses including car payments, mortgage payments on homes that had been financed in "Wrap Around" transactions, payments to other DMC Investment Clubs, and approximately $190,597 in payments to defendant ERICA ARCEO.

5.   On or about the dates set forth below, in the State and Eastern District of California, defendants MICHAEL BOLDEN, ERICA ARCEO, and NICHOLO ARCEO, as specified below, for the purpose of executing and attempting to execute the aforementioned scheme, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, to wit,

7

wire transfers from the Victims identified in the chart below in the amounts indicated below, each wire transmission passing from East Rutherford, New Jersey, to San Francisco, California:

| COUNT | DEFENDANT | VICTIM | DATE | AMOUNT |
|-------|-----------|--------|------|--------|
| 1 | BOLDEN | Shirley B. | October 6, 2006 | $34,926.58 |
| 2 | BOLDEN | Vicki H. | April 1, 2008 | $69,281.57 |
| 3 | BOLDEN | Lloyd M. | May 13, 2008 | $156,000 |
| 4 | BOLDEN, NICHOLO ARCEO, & ERICA ARCEO | Benjamin M. | May 6, 2008 | $90,739.22 |
| 5 | BOLDEN | Caroline G. | July 2, 2008 | $100,000 |

All in violation of Title 18, United States Code, Section 1343.

### BOLDEN AND JACKSON WIRINGS

6.    Between on or about June 2, 2005 and on or about January 12, 2009, the Genesis Innovations Account received approximately $11 million in deposits.  The money came from approximately 77 individuals and at least two title companies.  At least $8.5 million was not invested in real estate as promised.  Rather, it was used to pay purported returns to other investors and was used to pay for defendant CHRISTOPHER JACKSON's personal expenses, including his lease of Lamborghini and Land Rover automobiles, frequent dining at high-end restaurants, lodging at luxury hotels, purchase of expensive diamond jewelry, and substantial home improvements.

7.    On or about the dates set forth below, in the State and Eastern District of California, defendant CHRISTOPHER JACKSON, for the purpose of executing and attempting to execute the aforementioned scheme, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, to wit, wire transfers from the Victims

8

identified in the chart below in the amounts indicated below, each wire transmission passing from East Rutherford, New Jersey to San Francisco, California:

| COUNT | DEFENDANT | VICTIM | DATE | AMOUNT |
|-------|-----------|--------|------|--------|
| 6 | BOLDEN & JACKSON | John A. | August 23, 2006 | $149,880.00 |
| 7 | BOLDEN & JACKSON | Mae B. | April 30, 2007 | $21,790.50 |
| 8 | BOLDEN & JACKSON | Lynda W. | June 29, 2007 | $180,639.30 |
| 9 | BOLDEN & JACKSON | Maria M. | November 30, 2007 | $240,000.00 |
| 10 | BOLDEN & JACKSON | Wanda S. | July 9, 2008 | $295,000.00 |
| 11 | BOLDEN & JACKSON | Diana V. | August 8, 2006 | $200,000.00 |

All in violation of Title 18, United States Code, Section 1343.

<u>BOLDEN AND ALVARADO WIRINGS</u>

8.   Between in or about December 2003 and in or about September 2008, the Equishare accounts received approximately $3,400,000.00 in deposits from Victims.  The money came from approximately 30 individuals.  Over $2 million of this money was not invested in real estate as promised.  Rather, it was used to pay purported returns to other investors, defendant VICTOR ALVARADO's personal expenses, and mortgage payments on homes that had been sold to Credit Use Buyers.

9.   On or about the dates set forth below, in the State and Eastern District of California, defendant VICTOR ALVARADO, for the purpose of executing and attempting to execute the aforementioned scheme, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and

signals, to wit, wire transfers from the Victims identified in the
chart below in the amounts indicated below, each wire transmission
passing from East Rutherford, New Jersey to San Francisco,
California:

| COUNT | DEFENDANT | VICTIM | DATE | AMOUNT |
|---|---|---|---|---|
| 12 | BOLDEN & ALVARADO | Carlos D. | October 26, 2006 | $217,722.88 |
| 13 | BOLDEN & ALVARADO | Doris D. | December 13, 2006 | $35,000 |
| 14 | BOLDEN & ALVARADO | Greg B. | January 11, 2007 | $27,336.39 |
| 15 | BOLDEN & ALVARADO | Laurence C. | February 12, 2007 | $196,000 |
| 16 | BOLDEN & ALVARADO | Gregory J. | March 2, 2007 | $295,000 |
| 17 | BOLDEN & ALVARADO | Jeff J. | March 14, 2007 | $150,000 |
| 18 | BOLDEN & ALVARADO | Nai S. | March 13, 2008 | $38,408.38 |
| 19 | BOLDEN & ALVARADO | William R. | March 13, 2008 | $7,001.88 |

All in violation of Title 18, United States Code, Section 1343.

<u>BOLDEN, ERICA ARCEO, AND NICHOLO ARCEO WIRINGS</u>

10.  Between in or about July 2005 and in or about October 2008, the
the Envision accounts received approximately $1,769,494 in deposits
from Victims.  Vantage Point collected approximately $300,000 in
fees from "Wrap Around" sales and residential refinancings carried
out for the purpose of Victims investments with DMC Investment
Clubs.  The money came from approximately 14 individuals.  None of
this money was invested in real estate as promised.  Rather, it was
used to pay purported returns to other investors, defendant ERICA

ARCEO and defendant NICHOLO ARCEO's personal expenses, and payment
of mortgages for credit use buyers in "Wrap Around" sales.

11.  On or about the dates set forth below, in the State and Eastern
District of California, defendants ERICA ARCEO and NICHOLO ARCEO, as
specified below, for the purpose of executing and attempting to
execute the aforementioned scheme, did knowingly transmit and cause
to be transmitted by means of wire communication in interstate
commerce certain writings, signs, and signals, to wit, wire
transfers from the Victims identified in the chart below in the
amounts indicated below, each wire transmission passing from East
Rutherford, New Jersey to San Francisco, California:

| COUNT | DEFENDANT | VICTIM | DATE | AMOUNT |
|-------|-----------|--------|------|--------|
| 20 | BOLDEN & NICHOLO ARCEO | Robert M. | September 11, 2007 | $138,460 |
| 21 | BOLDEN & NICHOLO ARCEO | Peter L. | May 22, 2008 | $180,320 |
| 22 | BOLDEN & NICHOLO ARCEO | Carolyn G. | September 19, 2008 | $83,000 |
| 23 | BOLDEN & NICHOLO ARCEO | Louise H. | May 23, 2008 | $12,276 |
| 24 | BOLDEN, NICHOLO ARCEO, & ERICA ARCEO | Donald C. | January 2, 2008 | $94,000 |

All in violation of Title 18, United States Code, Section 1343.

COUNTS TWENTY-FIVE THROUGH TWENTY-SEVEN: [18 U.S.C. § 1343 - Mail

Fraud]

The Grand Jury further charges:

MICHAEL BOLDEN,

defendant herein, as follows:

1.  The allegations set forth in Paragraphs 1-3 are hereby
realleged and incorporated by reference

11

2.   On or about the dates set forth below, defendant MICHAEL
BOLDEN, in the State and Eastern District of California, for the
purpose of executing and attempting to execute the aforementioned
scheme, did deposit and cause to be deposited any matter and thing
to be delivered by commercial interstate carrier, to wit, checks
from the Stargate bank account to Company E, each purporting to
represent annuity payments from investment returns for fifteen
Victims:

| COUNT | DEFENDANT | CHECK | DATE | AMOUNT |
|-------|-----------|-------|------|--------|
| 25 | BOLDEN | #3103 | Nov. 29, 2007 | $31,118.64 |
| 26 | BOLDEN | #3123 | Dec. 27, 2007 | $31,056.98 |
| 27 | BOLDEN | #3150 | Jan. 30, 2008 | $30,989.90 |

All in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATIONS:   [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. §
                           2461(c), Fed. R. Crim. P. 32.2(a) -
                           Criminal Forfeiture]

1.   Upon conviction of one or more of the offenses charged against
him or her in Counts One through Twenty-seven of this Superseding
Indictment, each of defendants MICHAEL BOLDEN, CHRISTOPHER JACKSON,
VICTOR ALVARADO, ERICA ARCEO, and NICHOLO ARCEO shall forfeit to the
United States, pursuant to Title 18, United States Code, Section
981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any
property, real or personal, constituting or derived from proceeds
traceable to said violation(s).

2.   If any property subject to forfeiture, as a result of the
offenses alleged in Counts One through Twenty-Seven of this
Superseding Indictment:

        (a)   cannot be located upon the exercise of due diligence;

        (b)   has been transferred or sold to, or deposited with, a

12

1          third party;

2     (c)   has been placed beyond the jurisdiction of the Court;

3     (d)   has been substantially diminished in value; or

4     (e)   has been commingled with other property which cannot be

5           subdivided without difficulty;

6  it is the intent of the United States, pursuant to Title 28, United

7  States Code, Section 2461(c), incorporating Title 21, United

8  States Code, Section 853(p), to seek forfeiture of any other

9  property of the defendant charged in the Count(s) of conviction, up

10 to the value of the property subject to forfeiture.

11

12

13

14                              A TRUE BILL.

15

16                              

                                FOREPERSON

17

18  BENJAMIN B. WAGNER

19  United States Attorney

20

21

22

23

24

25

26

27

28

                                13

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

CHRISTOPHER JACKSON
MICHAEL BOLDEN
VICTOR ALVARADO
ERICA ARECEO
NICHOLO C. ARCEO

## S U P E R S E D I N G   I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1343 - Wire Fraud;
18 U.S.C. § 981 (A)(1)(C) , 28 U.S.C. §  2461 (c) - Forfeiture
Allegation

*A true bill,*

|S|

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ 14 _ _ _ _ _ _ *day*

*of* _ _ _ SEPTEMBER , *A.D. 20* _ 11 _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

*Bail, $* Bolden, Alvarado - Warrant
Jackson — No further process
Arceo (E), Arceo (N) — summons

GREGORY G. HOLLOWS

GPO 863 525

Superseding Indictment
Penalty Slip

**MICHAEL BOLDEN**
Counts ONE Through TWENTY-FOUR
Violations: 18 U.S.C. § 1343-Wire Fraud
Penalty:     Not more than $250,000 fine, or
             Not more than 20 years imprisment, or both
             3 Years TSR
Counts TWENTY-FIVE Through TWENTY-SEVEN
Violation: 18 U.S.C. §  1341-Mail Fraud
Penalty:     Not more than $250,000 fine, or
             Not more than 20 years imprisment, or both
             3 Years TSR

**CHRISTOPHER JACKSON**
Counts SEVEN through ELEVEN
Violation: 18 U.S.C. § 1343-Wire Fraud
Penalty:     Not more than $250,000 fine, or
             Not more than 20 years imprisment, or both
             3 Years TSR

**VICTOR ALVARADO**
Counts TWELVE Through NINETEEN
Violation: 18 U.S.C. § 1343-Wire Fraud
Penalty:     Not more than $250,000 fine, or
             Not more than 20 years imprisment, or both
             3 Years TSR

**ERICA ARCEO**
Counts Four and Twenty-FOUR
Violation:  18 U.S.C. § 1343-Wire Fraud
Penalty:     Not more than $250,000 fine, or
             Not more than 20 years imprisment, or both
             3 Years TSR

**NICHOLO C. ARCEO**
Counts Four and Twenty-TWENTY Through Twenty-FOUR
Violation: 18 U.S.C. § 1343-Wire Fraud
Penalty:     Not more than $250,000 fine, or
             Not more than 20 years imprisment, or both
             3 Years TSR

**Forfeiture**
**Allegation:**

Violations: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §  2461(c)

Penalty:  As Indicated on superseding indictment.

Penalty Assessment: $100.00 Special Assessment