1  HEATHER E. WILLIAMS, Bar #122664
   Federal Defender
2  DOUGLAS BEEVERS, Bar #288639
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, California 95814
   Telephone: (916) 498-5700
5

6  Attorney for Defendant
   CHRISTOPHER JACKSON
7

8              IN THE UNITED STATES DISTRICT COURT
9
            FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,      )  No. 2:11 CR 00054 TLN
                                  )
12              Plaintiff,        )
                                  )  DEFENDANT CHRISTOPHER JACKSON'S
13      v.                        )  RESPONSE AND OBJECTIONS TO
                                  )  GOVERNMENT'S PROPOSED JURY
14 CHRISTOPHER JACKSON,           )  INSTRUCTIONS
                                  )
15              Defendant.        )
                                  )
16 _____ )

17      Defendant, Christopher Jackson, though counsel objects to several

18 of the government's proposed jury instructions (Document 168), filed

19 January 6, 2014.  As discussed below, the challenged proposed

20 instructions misstate the law and lower the government's burden to

21 prove each required element beyond a reasonable doubt.

22      Proposed Instruction at page 22 of Government's Filing

23      The government proposes that the Court instruct the jury that

24 "[f]raudulent intent is shown if a representation is made with reckless

25 indifference to its truth or falsity."  This instruction is not part of

26 the Ninth Circuit's Model Criminal Jury Instructions for wire fraud.

27 The government correctly proposes Model Instruction 8.124 to set out

28

1   the elements of the offense of wire fraud.[1]  That instruction states

2   that the "intent to defraud" is "the intent to deceive or cheat."  By

3   proposing the additional instruction at page 22, the government tries

4   to lower its burden to prove "the intent to deceive or cheat" by asking

5   the Court to instruct the jury that a representation made with

6   "reckless indifference to its truth or falsity" requires that they find

7   "fraudulent intent."  (Gov't Prop. Inst. at 22.)

8        The government's instruction is incorrect, misstates the law, and

9   lowers its burden to prove all the elements.  The government cites

10  appellate cases involving sufficiency of the evidence of fraud

11  convictions.  In those cases, the question is whether there was enough

12  evidence, viewed in the light most favorable to the prosecution, to

13  support a finding of intent to defraud.  It is in this context that the

14  Ninth Circuit has allowed the *inference* of intent to defraud from "half

15  truths" or the "concealment of material facts."  <u>United States v.</u>

16  <u>Sayakhom</u>, 186 F.3d 928, 941 (9th Cir. 1992).  This is completely

17  different than telling the jury that the government has satisfied its

18  burden to prove fraudulent intent if the jury finds that a

19  representation was made with "reckless indifference to its truth or

20  falsity."

21       The government understandably seeks to stretch the law to

22  effectively tell the jury that it <u>must</u> find fraudulent intent if there

23  is a statement made with reckless indifference to truth or falsity.

24  Although a jury may consider all of a defendant's "statements and

25

26  _____

27  [1]  As the proposed instruction on wire fraud at p. 18 of the
    government's filing explains that the "intent to defraud" is "the
    intent to deceive or cheat", the proposed instruction at 21 simply

28  reiterates that definition and is unnecessary and should be struck.

Obj. To Gov't's
Proposed Jury Instructions      -2-

1   conduct" in deciding whether to "infer" fraudulent intent (<u>Sayakhom</u>,

2   186 F.3d at 941), the proposed instruction goes much further and

3   undermines the requirement that the government prove fraudulent intent

4   beyond a reasonable doubt.  The Court must strike the proposed

5   instruction.

6       <u>Proposed Instruction at page 24 of the Government's Filing</u>

7       At page 24, the government proposes that the Court instruct the

8   jury that a "good-faith belief that the victim will be repaid and will

9   sustain no loss is no defense at all."  Again, the government tries to

10  decrease its burden to prove fraud in this case.  The case law is clear

11  that only if a defendant "knowingly lied to investors," his good faith

12  belief in the profitability of the scheme is no defense.  <u>United States</u>

13  <u>v. Hickey</u>, 580 F.3d 922 (9th Cir. 2009).  However, to avail itself of

14  this argument, the government must prove beyond a reasonable doubt that

15  the defendant "knowingly lied."

16      However, when considering the evidence the jury is entitled to

17  consider that good faith belief in determining whether fraud occurred

18  at all, and the instruction would wrongly tell than that they cannot.

19  The government cannot request an instruction that would remove a

20  defense from the jury's consideration in this way.

21

Dated: January 14, 2014

22                                  Respectfully submitted,

23                                  HEATHER E. WILLIAMS,
                                    Federal Defender
24
                                    /s/ Douglas Beevers
25                                  _____
                                    DOUGLAS BEEVERS
26                                  Assistant Federal Defender
                                    ATTORNEY FOR
27                                  CHRISTOPHER JACKSON

28

Obj. To Gov't's
Proposed Jury Instructions        -3-