HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
CHRISTOPHER JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case №: 11-0054-TLN |
|---|---|---|
| Plaintiff, | ) | **DEFENSE FINAL JURY INSTRUCTIONS** |
| vs. | ) | |
| CHRISTOPER JACKSON, | ) | **Date: January 21, 2014**<br>**Time:  9:00 a.m.**<br>**Judge Troy L. Nunley** |
| Defendant. | ) | |

　　　　Defendant, CHRISTOPHER JACKSON, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender, hereby requests the following jury instructions be given.  This request is consolidated and includes all previously requested instructions.

DATED: January 20, 2014

　　　　　　　　　　　　　　　　　　　　　　　HEATHER E. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　　　Federal Defender

　　　　　　　　　　　　　　　　　　　　　　　*s/ Douglas Beevers*
　　　　　　　　　　　　　　　　　　　　　　　DOUGLAS BEEVERS
　　　　　　　　　　　　　　　　　　　　　　　Assistant Federal Defender
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant

Defense Jury Instructions　　　　　　　　　　　1

Defendant's Proposed Instruction No.   1

A SALESPERSON WHO SELLS INVESTMENTS FOR A BUSINESS HAS NO DUTY TO INVESTIGATE THE VALIDITY OF THE COLLATERAL BACKING OF THE (SECURITIES)(INVESTMENTS) THEY SOLD, UNLESS THERE ARE SERIOUSLY SUSPICIOUS CIRCUMSTANCES THAT WOULD ALERT THE AVERAGE BROKER OF POTENTIAL FRAUD.

Authority: *U.S. v. Parker*, 839 F.2d 1473, 1479 (11th Cir. 1988)(holding that the creator of a firm which sold investments without sufficient collateral was guilty of mail fraud but not the salespeople who failed to verify whether the company had sufficient collateral:

"In the instant case, we find that the salespersons had no duty to investigate the backing of the securities they sold. In addition, the record is void of any seriously suspicious circumstances that would alert the average broker of potential fraud."

Id., at fn.4.

GIVEN   ___

GIVEN AS MODIFIED   ___

REFUSED   ____

WITHDRAWN   ____

Defense Jury Instructions                           2

Defendant's Proposed Instruction No.  2

6.9 INTOXICATION—DIMINISHED CAPACITY

EVIDENCE HAS BEEN ADMITTED THAT THE DEFENDANT MAY HAVE BEEN INTOXICATED AT THE TIME THAT THE CRIME CHARGED WAS COMMITTED. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S INTOXICATION IN DECIDING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE INTENT REQUIRED TO COMMIT WIRE FRAUD.

Authority: 9th Circuit Pattern Jury Instruction No. 6.9 (2003). A defense based on voluntary intoxication is available only for specific intent crimes. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1195 (9th Cir.2000).  The Government alleges that some of Defendant's spending was while drinking and gambling in Las Vegas and at parties, thus the instruction may be required.

GIVEN    ___

GIVEN AS MODIFIED    ____

REFUSED    ____

WITHDRAWN    ____

Defense Jury Instructions                         3

Defendant's Proposed Instruction No.   3

5.9 ADVICE OF COUNSEL

ONE ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT HAD THE UNLAWFUL INTENT TO [DEFRAUD]. EVIDENCE THAT THE DEFENDANT IN GOOD FAITH FOLLOWED THE ADVICE OF COUNSEL WOULD BE INCONSISTENT WITH SUCH AN UNLAWFUL INTENT. UNLAWFUL INTENT HAS NOT BEEN PROVED IF THE DEFENDANT, BEFORE ACTING, MADE FULL DISCLOSURE OF ALL MATERIAL FACTS TO AN ATTORNEY, RECEIVED THE ATTORNEY'S ADVICE AS TO THE SPECIFIC COURSE OF CONDUCT THAT WAS FOLLOWED, AND REASONABLY RELIED ON THAT ADVICE IN GOOD FAITH.

Authority: Ninth Circuit Pattern Instruction 5.9.  A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves wilful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908). Advice of counsel is not a separate and distinct defense but rather is a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of intent. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir.1961). The advice of counsel instruction is requried if it has some foundation in the evidence. *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir.1987). To assert advice of counsel, a defendant must have made a full disclosure of all material facts to his or her attorney, received advice as to the specific course of conduct that he or she followed, and relied on the advice in good faith. *United States v. Munoz*, 233 F.3d 1117, 1132 (9th Cir.2000).

GIVEN   ___

GIVEN AS MODIFIED   ____

REFUSED   ____

Defense Jury Instructions                          4

WITHDRAWN ____
Proposed Instruction No. 4.

    You may not consider evidence of a witness' religious beliefs or opinion in determining that witness's credibility.

Authority: Fed. R. Evid. 610

GIVEN ___

GIVEN AS MODIFIED ____

REFUSED ____

WITHDRAWN ____

Defendant's Proposed Instruction No.   5

BAJI 10.85 Breach—Essential Elements

[A] [An] [unjustified] [or] [unexcused] failure to perform a contract is a breach. The essential elements of this claim are:
1 The existence of a [valid] contract between the parties;
2 Plaintiff's performance [, unless excused];
3 Defendant's [unjustified] [or] [unexcused] failure to perform; [and]
[4 Plaintiff had the ability to perform;] [and]
[4.] [5.] Damages to plaintiff caused by the breach.

Authority: California Civil Jury Instructions (BAJI) 2013, West Committee on California Civil Jury Instructions.

GIVEN   ___

GIVEN AS MODIFIED     ___

REFUSED     ____

WITHDRAWN    ____

Defendant's Proposed Instruction No.   7

Under California Law when a contract is reduced to writing, the parties intention is ascertained from the writing alone if possible, subject to other provisions of law.

When, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded.

Authority: Cal. Civil Code §1639 (paragraph 1) and §1640(para. 2).

GIVEN     ____

GIVEN AS MODIFIED     ____

REFUSED     ____

WITHDRAWN     ____

Defense Jury Instructions                    7

Defendant's Proposed Instruction No.   8

The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:
(3) An agreement   . . . for the sale of real property, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged.
(4) An agreement authorizing or employing an agent, broker, or any other person to purchase or sell real estate, or to lease real estate for a longer period than one year, or to procure, introduce, or find a purchaser or seller of real estate or a lessee or lessor of real estate where the lease is for a longer period than one year, for compensation or a commission.

Authority: Cal. Civ. Code §1624 (Statute of Frauds)

GIVEN     ___

GIVEN AS MODIFIED     ____

REFUSED     ____

WITHDRAWN     _____

Defense Jury Instructions               8

Defense (Amended) Proposed Instruction No. 9

    To be convicted of the charge in any (of the 6) counts, the defendant must have entered into the alleged scheme with the intent to defraud or to obtain money or property through false representations.  If you find that a defendant in good faith believed that the representations which were being made by himself were true the necessary intent did not exist and the defendant must be acquitted on all counts.

Authority: United States v. Gering, 716 F.2d 615, 622 (9th Cir. 1983); cited with approval by O'Malley, Grenig & Lee, Federal Jury Practice and Instructions 5th. Ed., vol. 2A §47.16 (2000).

Given \_\_\_\_
Given as Modified \_\_\_\_\_
Refused \_\_\_\_
Withdrawn _____

Defense Proposed Instruction No. 10 Theory of the Defense

To be convicted of the charge in any (of the 6) counts, the defendant must have entered into the alleged scheme with the intent to defraud or to obtain money or property through false representations. If you find that a defendant in good faith believed that the representations which were being made by himself were true the necessary intent did not exist and the defendant must be acquitted on all counts. The Defendant has testified that he believed obtaining a signed security agreement was an investment in land, because the security agreement gave the investor indirect legal rights in real estate which he believed were valuable. The Defendant has testified that he paid investors from funds which could be traced to other investors because he believed he was legally obligated to pay all debts on time so long as the company has sufficient assets to pay all its debts. If you find the Defendant believed this in good faith you must acquit.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions 5th. Ed., vol. 2A §47.16 (2000).

Given ____
Given as Modified _____
Refused ____
Withdrawn _____

Defense Jury Instructions          10

Defendant's Proposed Modification of Government's Jury Instruction on page 22 of Docket No. 168.

["Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or so obvious that the defendant must have been aware of it.]

1. [A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to [purchase] [sell] securities.]

Authority: 9TH CIR. PATTERN JURY INSTRUCTIONS NO. 9.9 (SECURITIES FRAUD). Defendant does not agree that recklessness is relevant unless the Government argues that Mr. Jackson should have known that the collateral was insufficient. However, if the Court uses the term "reckless" in an instruction, defense contends that there is no authority to suggest that recklessness in mail fraud context would be a lower mens rea than that to be applied in securities fraud. Congress could never have intended the two statutes to apply different mens rea to conduct which would frequently violate both statutes.

Given ____
Given as Modified _____
Refused ____
Withdrawn _____