

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER JACKSON,

    Defendant.

_____/

No. 2:11-CR-00054 TLN

# JURY INSTRUCTIONS
# WITHDRAWN/REFUSED

District Judge Troy L. Nunley

Defendant's Proposed Instruction No. 2

6.9 INTOXICATION—DIMINISHED CAPACITY

EVIDENCE HAS BEEN ADMITTED THAT THE DEFENDANT MAY HAVE BEEN INTOXICATED AT THE TIME THAT THE CRIME CHARGED WAS COMMITTED. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S INTOXICATION IN DECIDING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE INTENT REQUIRED TO COMMIT WIRE FRAUD.

Authority: 9th Circuit Pattern Jury Instruction No. 6.9 (2003). A defense based on voluntary intoxication is available only for specific intent crimes. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1195 (9th Cir.2000). The Government alleges that some of Defendant's spending was while drinking and gambling in Las Vegas and at parties, thus the instruction may be required.

GIVEN ___

GIVEN AS MODIFIED ___

REFUSED ___

WITHDRAWN ✓

INSTRUCTION NO. ___

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

9TH CIR. CRIM. JURY INSTR. 3.3 (2010)

Plaintiff's Proposed Jury Instruction No. ✓

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN ✓

_____
                JUDGE

Government's Proposed Jury Instructions          4

WITHDRAWN ____
Proposed Instruction No. 4.

You may not consider evidence of a witness' religious beliefs or opinion in determining that witness's credibility.

Authority: Fed. R. Evid. 610

GIVEN ____

GIVEN AS MODIFIED ____

REFUSED ____

WITHDRAWN ✓

Defense Jury Instructions                                    5

Defendant's Proposed Instruction No. 8

The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:
(3) An agreement . . . for the sale of real property, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged.
(4) An agreement authorizing or employing an agent, broker, or any other person to purchase or sell real estate, or to lease real estate for a longer period than one year, or to procure, introduce, or find a purchaser or seller of real estate or a lessee or lessor of real estate where the lease is for a longer period than one year, for compensation or a commission.

Authority: Cal. Civ. Code §1624 (Statute of Frauds)

GIVEN ___

GIVEN AS MODIFIED ___

REFUSED ___

WITHDRAWN ✓

Defense Jury Instructions                                          8

Defense (Amended) Proposed Instruction No. 9

To be convicted of the charge in any (of the 6) counts, the defendant must have entered into the alleged scheme with the intent to defraud or to obtain money or property through false representations. If you find that a defendant in good faith believed that the representations which were being made by himself were true the necessary intent did not exist and the defendant must be acquitted on all counts.

Authority: United States v. Gering, 716 F.2d 615, 622 (9th Cir. 1983); cited with approval by O'Malley, Grenig & Lee, Federal Jury Practice and Instructions 5th. Ed., vol. 2A §47.16 (2000).

Given \_\_\_\_
Given as Modified \_\_\_\_\_
Refused \_\_\_\_
Withdrawn \_\_✓\_\_

Defense Jury Instructions                    9

INSTRUCTION NO. ___

You have heard evidence that the defendant committed other ~~[crimes]~~ ~~[wrongs]~~ [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INSTR. 4.3 (2010)
Plaintiff's Proposed Jury Instruction No. ___
GIVEN ___
GIVEN AS MODIFIED ___
REFUSED ___
WITHDRAWN ✓

_____
JUDGE

Government's Proposed Jury Instructions           13

1 | INSTRUCTION NO. __

2 | Fraudulent intent is shown if a representation is made with reckless indifference to its truth or
3 | falsity.

16 | Sources: See, e.g., United States v. Sayakhom, 186 F.3d 928, 942 (9th Cir. 1999); United States v. Gay, 967 F.2d 322, 326 (9th Cir. 1992) ("We have repeatedly held that reckless indifference alone will support a mail fraud conviction."); United States v. Schaflander, 719 F.2d 1024, 1027 (9th Cir. 1983) ("The instruction correctly stated the law in this Circuit that reckless disregard for truth or falsity is sufficient to sustain a mail fraud conviction."); United States v. Cusino, 694 F.2d 185, 187 (9th Cir. 1982); United States v. Federbush, 625 F.2d 246, 255 (9th Cir. 1980); United States v. Farris, 614 F.2d 634, 638 (9th Cir. 1979); United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979); Irwin v. United States, 338 F.2d 770, 774 (9th Cir. 1964).

21 | Special Instruction /
22 | Plaintiff's Proposed Jury Instruction No. ✓
23 | GIVEN _____
24 | GIVEN AS MODIFIED _____
25 | REFUSED _____ /
26 | WITHDRAWN ✓

_____
JUDGE

Government's Proposed Jury Instructions           22

INSTRUCTION NO. ___

A good-faith belief that the victim will be repaid and will sustain no loss is no defense at all.

Sources: United States v. Benny, 786 F.2d 1410, 1417 (9th Cir. 1986) (quote), see also United States v. Treadwell, 593 F.3d 990, 996-997 (9th Cir. 2010); United States v. Hickey, 580 F.3d 922, 930-931 (9th Cir. 2009); United States v. Ross, 206 F.3d 896, 899 (9th Cir. 2000); United States v. Molinaro, 11 F.3d 853, 863 (9th Cir. 1993)

Special Instruction

Plaintiff's Proposed Jury Instruction No. ✓

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN ✓

_____
JUDGE

Government's Proposed Jury Instructions                    24

Defendant's Proposed Instruction No. 1

A SALESPERSON WHO SELLS INVESTMENTS FOR A BUSINESS HAS NO DUTY TO INVESTIGATE THE VALIDITY OF THE COLLATERAL BACKING OF THE (SECURITIES)(INVESTMENTS) THEY SOLD, UNLESS THERE ARE SERIOUSLY SUSPICIOUS CIRCUMSTANCES THAT WOULD ALERT THE AVERAGE BROKER OF POTENTIAL FRAUD.

Authority: *U.S. v. Parker*, 839 F.2d 1473, 1479 (11th Cir. 1988)(holding that the creator of a firm which sold investments without sufficient collateral was guilty of mail fraud but not the salespeople who failed to verify whether the company had sufficient collateral:

"In the instant case, we find that the salespersons had no duty to investigate the backing of the securities they sold. In addition, the record is void of any seriously suspicious circumstances that would alert the average broker of potential fraud."

Id., at fn.4.

GIVEN ___

GIVEN AS MODIFIED ___

REFUSED ✓

WITHDRAWN ___

Defense Jury Instructions                              2

Defendant's Proposed Instruction No. 3

5.9 ADVICE OF COUNSEL

ONE ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT HAD THE UNLAWFUL INTENT TO [DEFRAUD]. EVIDENCE THAT THE DEFENDANT IN GOOD FAITH FOLLOWED THE ADVICE OF COUNSEL WOULD BE INCONSISTENT WITH SUCH AN UNLAWFUL INTENT. UNLAWFUL INTENT HAS NOT BEEN PROVED IF THE DEFENDANT, BEFORE ACTING, MADE FULL DISCLOSURE OF ALL MATERIAL FACTS TO AN ATTORNEY, RECEIVED THE ATTORNEY'S ADVICE AS TO THE SPECIFIC COURSE OF CONDUCT THAT WAS FOLLOWED, AND REASONABLY RELIED ON THAT ADVICE IN GOOD FAITH.

Authority: Ninth Circuit Pattern Instruction 5.9. A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves wilful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908). Advice of counsel is not a separate and distinct defense but rather is a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of intent. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir.1961). The advice of counsel instruction is requried if it has some foundation in the evidence. *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir.1987). To assert advice of counsel, a defendant must have made a full disclosure of all material facts to his or her attorney, received advice as to the specific course of conduct that he or she followed, and relied on the advice in good faith. *United States v. Munoz*, 233 F.3d 1117, 1132 (9th Cir.2000).

GIVEN ___

GIVEN AS MODIFIED ___

REFUSED √

Defense Jury Instructions                                    4

Defendant's Proposed Instruction No. 5

BAJI 10.85 Breach—Essential Elements

[A] [An] [unjustified] [or] [unexcused] failure to perform a contract is a breach. The essential elements of this claim are:
1 The existence of a [valid] contract between the parties;
2 Plaintiff's performance [, unless excused];
3 Defendant's [unjustified] [or] [unexcused] failure to perform; [and]
[4 Plaintiff had the ability to perform;] [and]
[4.] [5.] Damages to plaintiff caused by the breach.

Authority: California Civil Jury Instructions (BAJI) 2013, West Committee on California Civil Jury Instructions.

GIVEN \_\_\_

GIVEN AS MODIFIED \_\_\_

REFUSED ✓

WITHDRAWN \_\_\_

Defense Jury Instructions          6

1  Defendant's Proposed Instruction No. 7

2  Under California Law when a contract is reduced to writing, the parties intention is ascertained
   from the writing alone if possible, subject to other provisions of law.
3

4  When, through fraud, mistake, or accident, a written contract fails to express the real intention of
   the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded.
5

12  Authority: Cal. Civil Code §1639 (paragraph 1) and §1640(para. 2).

20  GIVEN          ____

21  GIVEN AS MODIFIED   ____

22  REFUSED        ____

23  WITHDRAWN      ✓

28
   Defense Jury Instructions                         7

Defense Proposed Instruction No. 10 Theory of the Defense

To be convicted of the charge in any (of the 6) counts, the defendant must have entered into the alleged scheme with the intent to defraud or to obtain money or property through false representations. If you find that a defendant in good faith believed that the representations which were being made by himself were true the necessary intent did not exist and the defendant must be acquitted on all counts. The Defendant has testified that he believed obtaining a signed security agreement was an investment in land, because the security agreement gave the investor indirect legal rights in real estate which he believed were valuable. The Defendant has testified that he paid investors from funds which could be traced to other investors because he believed he was legally obligated to pay all debts on time so long as the company has sufficient assets to pay all its debts. If you find the Defendant believed this in good faith you must acquit.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions 5th. Ed., vol. 2A §47.16 (2000).

Given ____
Given as Modified ____
Refused ✓
Withdrawn ____

Defense Jury Instructions                      10