HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DOUGLAS BEEVERS, Bar #288639
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
CHRISTOPHER JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11 CR 00054 TLN |
| Plaintiff, | |
| v. | DEFENDANT CHRISTOPHER JACKSON'S SUPPLEMENTAL MOTION TO CORRECT PRE-SENTENCE REPORT/OBJECTIONS TO PRE-SENTENCE REPORT |
| CHRISTOPHER JACKSON, | |
| Defendant. | |

Defendant, Christopher Jackson, though counsel formally notes his objection to the enhancements reported in the pre-sentence report. This objection was raised informally by letter on August 25, 2014 and responded to by the probation officer at Docket No. 252-3. Counsel inadvertently omitted this section from the formal objections filed on September 3, 2014. No evidentiary hearing is needed on this issue, because the trial testimony explained the means of commission of the offense.

**(1) Paragraph 37: Sophisticated Means.**

Mr. Jackson objects to the +2 level enhancement or use of sophisticated means.  According to the Sentencing Commission's

application notes "'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense" and gives the example of hiding assets in fictitious corporate entities. §2B1.1 note 8.

The Ninth Circuit has held that for the sophisticated means enhancement to apply, the court must compare the scheme to the usual case:

> Section 2B1.1(b)(10) of the Sentencing Guidelines provides for a two-level enhancement if "the offense ... involved sophisticated means." To qualify, Horob's scheme <u>must be "especially complex or especially intricate," compared to the usual fraud offense</u>. U.S.S.G. § 2B1.1 cmt. n. 8(B). Horob's scheme was complex. Horob did more than lie to obtain a loan. He manipulated several people to lie for him, used several different bank accounts (including accounts of other people) to move funds around, and fabricated numerous documents.

*United States v. Horob*, 735 F.3d 866, 872 (9th Cir.2013)(emphasis added). In contrast, Mr. Jackson used his own personal account and made no effort to hide his spending making his offense extremely easy to detect and prove. Mr. Jackson's conduct in depositing investor money in his own personal account and then immediately spending it with a debit card at Toys-Are-Us, i-Tunes and restaurants shows that he made no effort whatsoever to conceal how he spent the money.

In an unpublished decision arising from this district, the Ninth Circuit affirmed the application of the sophisticated means enhancement where there was evidence that the fraud was significantly more complex than the ordinary medicare fraud:

> Based on the evidence in the record that Prakash and Popov applied for Medicare provider numbers, opened bank accounts to use as part of the scheme, reviewed and signed patient charts that reflect significant testing even though neither doctor saw a single patient, and signed Medicare reimbursement forms and blank redetermination request forms for a clinic involved in the overall scheme, the district court reasonably could have concluded that the <u>scheme was significantly more complex than a routine Medicare fraud case</u>

Formal Objections                    -2-

*U.S. v. Popov*, 555 Fed.Appx. 671 (9th Cir. 2014)(emphasis added). The Seventh Circuit has held that the sophisticated means enhancement "does not require a brilliant scheme, just one that displays a greater level of planning or concealment than the usual tax evasion case." *United States v. Fife*, 471 F.3d 750, 754 (7th Cir.2006)).

The Fifth Circuit held that the imposition of a sophisticated means sentencing increase was not warranted for a defendant convicted of money laundering, health care fraud, and other offenses where the evidence presented by the government that the defendant took money directly deposited from Medicare into his operating account, which was in his name, and moved it into his investment accounts, which were also in his name, was insufficient, and there was no showing that the defendant used false names, fictitious entities, shell companies, or complicated financial transactions to hide or conceal the funds he obtained from fraud. *United States v. Valdez*, 726 F.3d 684 (5th Cir. 2013).

The evidence at trial showed that Mr. Jackson had only a G.E.D. and simply used investment contracts designed by the company's lawyers and that the use of separate corporations was ordered by Mr. Jackson's boss Michael Bolden for Mr. Bolden's own purposes.

Mr. Jackson notes that according to the U.S. Sentencing Commission's 2013 Symposium on Economic Crime 12.7% of defendants sentenced under §2B1.1 receive the enhancement for sophisticated means. Downloaded on September 5, 2014 from http://www.ussc.gov/research-and-publications/research-projects-and-surveys/economic-crimes/united-states-sentencing-commissionsymposium-economic-crime. Based on the evidence at trial, Mr. Jackson's means of committing the crime were more like the 87% of

Formal Objections                    -3-

fraud cases than the most complex 12.7% that used multiple accounts to hide money or false paper trails.

If this objection is sustained the guideline level would be 262 - 327 months prison.

Dated: September 5, 2014

Respectfully submitted,

HEATHER E. WILLIAMS,
Federal Defender

/s/ Douglas Beevers
_____
DOUGLAS BEEVERS
Assistant Federal Defender
ATTORNEY FOR
CHRISTOPHER JACKSON

Formal Objections            -4-