HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DOUGLAS BEEVERS, Bar #288639
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
CHRISTOPHER JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11 CR 00054 TLN |
| Plaintiff, | |
| v. | DEFENDANT CHRISTOPHER JACKSON'S SENTENCING MEMORANDUM |
| CHRISTOPHER JACKSON, | |
| Defendant. | |

Defendant, Christopher Jackson, though counsel submits his sentencing memorandum.

The pre-sentence report calculates a guideline range of 41 which carries a range of 324-405 months prison. Mr. Jackson has objected to 8 levels based on legal objections to the pre-sentence report which are based on statutory interpretation of the guidelines (abuse of position of trust, sophisticated means, and leadership). If Mr. Jackson's legal objections are granted the offense level would be reduced to a range of 151-188 months prison. Mr. Jackson has also raised factual objections which the court should consider.

I. <u>Unwarranted Sentencing Disparity</u>

Even if the Court overrules the objections, Mr. Jackson requests that the Court impose a sentence in the range of 151-188 months to avoid unwarranted sentencing disparity, because the facts which the pre-sentence report relies on to add these 8-levels of enhancement do not make Mr. Jackson any different from the typical fraud defendant. According to 18 U.S.C. §3553, the Court must seek to avoid unwarranted disparity in sentences.  According to the *Sentencing Commission's 2013 Sourcebook of Federal Sentencing Statistics* Table 25-25B, 3,210 defendants received downward variances to "avoid unwarranted sentencing disparity between defendants." Table 25, 25A and 25B in the 2011 Sentencing Sourcebook show 2833 defendants receiving some variance for "avoid(ing) unwarranted disparity among defendants."

The probation officer has correctly pointed out that the Government in accepting Mr. Bolden's plea with a cap of 20 years has created a possibility that Mr. Jackson would receive a higher sentence than Mr. Bolden - even though Mr. Bolden was more culpable, and had a prior conviction for fraud.  Mr. Jackson agrees that it would create unwarranted sentencing disparity to give Mr. Jackson a sentence much higher than Mr. Bolden for essentially the same conduct.  The Ninth Circuit has held that the disparity with co-defendants' sentences is a factor the sentencing court can rely on to support a below guidelines sentence. *United States v. Corona-Verbera*, 509 F.3d 1105, 1120 (9 Cir. 2007).

The disparity between Mr. Alvarado's maximum potential sentence and Mr. Jackson's also creates a potential for unwarranted disparity in sentencing. Mr. Jackson recognizes that the guidelines reward pleading guilty, but the Sentencing Commission has recommended a mild reduction

Sentencing Memorandum                    -2-

for pleading guilty - 2 levels which would have reduced Mr. Jackson's guidelines from 324-405 months down to a range of 262-327 months. §3E1.1. This reduction is designed to be small enough so that innocent defendants are not coerced into pleading guilty. Since the Court is forced to give Mr. Alvarado no more than 10 years, he is getting a 12 year reduction for pleading guilty although the Sentencing Commission recommends only a 5 year reduction for pleading guilty.  This 12 year difference between Mr. Alvarado and Mr. Jackson is unwarranted by their conduct which according to the pre-sentence report is very similar.

Downward departures to avoid disparity between defendants in the same case has been recognized as a valid ground for departure by judges within this district. In United States v. Mercado, the Honorable Edward Garcia departed downward by 5 levels in a case where he found that one drug dealer was subject to a 3 level leadership enhancement but then departed downward by 3 levels because imposing the higher sentence would have created unwarranted disparity between the two defendants. *U.S. v. Mercado*, 525 Fed.Appx. 574, 2013 WL 2176396, (unpublished), (9th Cir. 2013).  On appeal, Mr. Mercado challenged the factual basis for the supervisor enhancement but the Court found harmless error. *Id*. In its answering brief the Government explained Judge Garcia's downward departure and argued that his reasoning was a valid explanation of the sentence.

> After adjusting for acceptance of responsibility, the court found Luciano's sentencing range to be 235-293 months based on an offense level of 38 and criminal history category I. E.R. 25:15-26:19. However, the court granted Luciano's motion for a five-level downward variance to his brother Sergio's sentencing range of 135-168 months based on a disparity argument set forth in Luciano's sentencing memorandum. E.R. 26:23-28:6; see C.R. 89; S.E.R. 57-59. The court then sentenced Luciano to the top of that range, 168 months, due to his "slight but apparent supervisorial role in the conspiracy." E.R. 27:21-29:3.

Sentencing Memorandum                  -3-

1  *U.S. v. Marcado, U.S. Answer Brief*, at 2012 WL 5387209 *19-20.
2       In Mr. Jackson's case the potential unwarranted disparity is
3  increased, because early in the investigation Mr. Jackson went
4  undercover to try to assist law enforcement in prosecuting Mr. Bolden.
5  While that cooperation was not successful, it shows his character and
6  the relative seriousness of their roles.

8  II. The Need for the Sentence to Reflect the Seriousness of the Crime
9       The Court is also required to consider the need to reflect the
10 seriousness of the crime. The fact that the Government allowed some
11 defendants to plead to substantially lower crimes implies that the
12 Government considers the crimes not serious enough to require a
13 sentence higher than 10 years. The fact that Erica Arceo was allowed to
14 plead to a 5 year maximum crime, also suggests that the Government does
15 not believe that her conduct was serious, although it was in many ways
16 equal or more serious than Mr. Jackson's. Since Nicolo Arceo's plea to
17 a five years maximum offense was combined with the intent to use him as
18 a cooperating witness at trial - his deal suggests that his conduct
19 would be a 10 year crime without cooperation.  However, Erica Arceo was
20 not even called as a Government witness, and at trial she denied
21 responsibility for all criminal conduct except for staying silent at
22 the last meeting where Mr. Bolden announced his plan to use new
23 investors money to pay old investors.
24      Mr. Jackson also contends that Congress has established a 20 year
25 maximum offense which reflects society's view of that 20 years reflects
26 the seriousness of the worst fraud cases. Imposing a sentence far above
27 the 20 years that Congress established for a theoretical worst-case
28 does not reflect the seriousness of the offense for a defendant with no

Sentencing Memorandum                -4-

criminal history.

### III. Characteristics of the Offender

Mr. Jackson has only a G.E.D. and was trained in business by Mr. Bolden.  Although the evidence showed that he misrepresented how he intended to spend some of the money, the fact that he made no efforts to cover his tracks shows he really believed that he would make money. His lack of finance education prevented him from realizing that the business model was not profitable, and he believed what Mr. Bolden told him. He had no criminal record and served in th U.S. Army.

Mr. Jackson also had an alcohol problem which continued to interfere with his ability to make good decisions.

Mr. Jackson has close relations with his children and family. They have supported him during the pendency of this case, and he expects that they will be able to help him reintegrate into the community after prison.

### IV. The Need for Deterrence/Protect the Public

Defense contends that a sentence between 15-20 years prison (on a person with no record) is long enough that it would send a strong message of deterrence.  Mr. Jackson would be approximately 64 years old when released from prison if the Court adopts the probation officer's recommendation.  A 64-year old ex-felon fraud convict with a G.E.D. and a judgement against him for $6 million dollars is not a great risk of committing further frauds, because he is not likely to be hired by any

Sentencing Memorandum               -5-

financial organization and his own accounts will be garnished forever. A 15 year sentence would have him released at approximately age 60.

Mr. Jackson was on pretrial release for nearly 4 years without being revoked, so he is likely to comply with the supervised release conditions imposed in this case.

CONCLUSION

Mr. Jackson requests that the Court vary downward to a sentence of 151 months prison.

Dated: September 5, 2014

Respectfully submitted,

HEATHER E. WILLIAMS,
Federal Defender

/s/ Douglas Beevers
_____
DOUGLAS BEEVERS
Assistant Federal Defender
ATTORNEY FOR
CHRISTOPHER JACKSON

Sentencing Memorandum                  -6-