UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CHRISTOPHER JACKSON,<br><br>Movant. | No.  2:11-cr-00054-TLN-CKD<br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 353.  Respondent has filed an opposition, ECF No. 383, and movant has filed a counseled reply brief.[1]  ECF No. 386.  For the reasons explained in further detail below, the court will appoint movant counsel and order an evidentiary hearing on movant's ineffective assistance of counsel claim.

## I.        Factual and Procedural History

Movant was convicted following a jury trial of six counts of wire fraud.  ECF No. 206 (Verdict Form).  During trial, movant testified in his own defense.  See ECF No. 245 (trial transcript).  On February 26, 2015, he was sentenced to 60 months on each count to be served consecutively for a total term of 360 months.  ECF No. 277 (Judgment and Commitment Order).

---

[1] Movant's counsel filed a notice of limited appearance for the sole purpose of replying to respondent's opposition.  See ECF No. 385.

At sentencing, the district court imposed an enhancement for obstruction of justice finding that movant's trial testimony was "knowingly false, material, and under oath."  ECF No. 290 at 229. His conviction was affirmed on direct appeal.  See United States v. Jackson, 658 Fed. Appx. 832 (9th Cir. 2016).

In his § 2255 motion, movant raises a single ineffective assistance of counsel claim based on his attorney's alleged failure to inform him that his maximum sentencing exposure on all counts was 120 years.  ECF No. 353 at 2.  As a result of his attorney's error, movant rejected a plea offer of 20 years because he was advised that the maximum sentence following a trial and conviction on all six counts was only 20 years.  ECF No. 353 at 2.  According to movant, "[h]ad I understood that going to trial risked up to a 120 year sentence, I would have asked [trial counsel][2] to continue negotiating, and I would have accepted the 20 year plea offer."  Id.  In support of this claim, movant attaches an affidavit from his co-counsel on appeal who "discovered that Mr. Jackson had been misadvised about the possible sentence in this case by his trial counsel…." ECF No. 353 at 5.  The letter informed movant "that the maximum sentence he could receive if he went to trial and lost was 20 years—specifically that the 'worst case' was a [sentencing] range of 151-188 months or 'even if we lose all sentencing arguments' a range of 235-240 months." ECF No. 353 at 6.  Trial counsel confirmed to appellate counsel that "his advice with respect to the possible sentence had been in error."  Id.  As a remedy for trial counsel's error, movant requests that the court vacate five of the counts of conviction and resentence him to 240 months on the remaining count in accordance with the plea offer.  ECF No. 353 at 3.

While not specifically conceding that trial counsel's advice was deficient in this case, respondent does not present any evidence to the contrary.[3]  ECF No. 383 at 10.  Instead, respondent contends that movant cannot prove prejudice resulting from his trial counsel's advice. ECF No. 383.  Respondent asserts that movant would not have successfully pleaded guilty to a single count of wire fraud because he was "emphatically denying the *mens rea* element of that

---

[2] The court has substituted the name of movant's attorney with the generic term "trial attorney" for ease of reference.  This does not affect the court's substantive analysis.

[3] Respondent acknowledges that movant was made various plea offers prior to trial in this case. See ECF No. 383-1 at 8-23, 26-39.

offense." ECF No. 383 at 1; see also ECF No. 252 at 8 (Final Presentence Investigation Report) (sealed)). Respondent argues that "Jackson's steadfast unwillingness to admit intent to defraud may well be why when appellate counsel asked Jackson if he might be willing to plead, counsel specifically asked if Jackson would plead to "some offense other than Wire Fraud, such as sale of unregistered securities." ECF No. 383 at 7 (citing ECF No. 367 at 5). Additionally, respondent points out that movant's sworn statement in his § 2255 motion that he would have accepted the 20 year plea offer is contradicted by his trial testimony and his statement to the probation officer prior to sentencing. ECF No. 383 at 2. Secondly, even if movant would have been willing to admit his intent to defraud, he would not have agreed to a 20 year sentence as the affidavit from his appellate counsel indicates that movant was unwilling to negotiate a 20 year sentence in exchange for dismissing his direct appeal. ECF No. 383 at 1-2. According to respondent, an evidentiary hearing in this case is not required because a credibility determination can be made on the existing evidence in the record. ECF No. 383 at 2 (citing Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988).

In his reply, movant emphasizes that "nothing in the court record or trial file shows that [trial counsel] properly communicated the terms of the plea agreement" because he was never told about his exposure of "consecutive prison sentences if he lost at trial." ECF No. 386 at 3-4. With regard to prejudice, movant points out that the only issue is "what was in Jackson's mind when he was weighing his decision to proceed to trial or not." ECF No. 386 at 7. According to movant, he "would not have risked a possible prison sentence totaling 120 years verses [sic] accepting a plea agreement that maxed out his prison term to 20 years." ECF No. 386 at 5.

## II.    Legal Standards

### A. Ineffective Assistance of Counsel

Petitioner alleges that he was denied the effective assistance of counsel. The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, the defendant must identify the acts or omissions that

1    are alleged not to have been the result of reasonable professional judgment.  Id. at 690.  The court

2    must then determine, whether in light of all the circumstances, the identified acts or omissions

3    were outside the wide range of professional competent assistance.  Id.  Second, a defendant must

4    affirmatively prove prejudice.  Id. at 693.  Prejudice is found where "there is a reasonable

5    probability that, but for counsel's unprofessional errors, the result of the proceeding would have

6    been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine

7    confidence in the outcome."  Id.

8         The Sixth Amendment right to counsel "extends to the plea-bargaining process."  Lafler v.

9    Cooper, 566 U.S. 156, 162 (2012).  To prevail on such a claim, a petitioner must demonstrate

10   that the advice he received from his counsel was "so incorrect and so insufficient that it

11   undermined his ability to make an intelligent decision about whether to accept the [plea] offer.'"

12   Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002)(quoting United States v. Day, 969 F.2d 39,

13   43 (3rd Cir. 1992)).  To establish prejudice where a defendant claims defective advice of counsel

14   caused him to reject a plea offer and proceed to trial, the defendant must demonstrate that "but for

15   the ineffective advice of counsel there is a reasonable probability that the plea offer would have

16   been presented to the court (i.e., that the defendant would have accepted the plea and the

17   prosecution would not have withdrawn it in light of intervening circumstances), that the court

18   would have accepted its terms, and that the conviction or sentence, or both, under the offer's

19   terms would have been less severe than under the judgment and sentence that in fact were

20   imposed."  Lafler v. Cooper, 556 U.S. 156, 164( 2012).

21        **B.  Evidentiary Hearing**

22        A federal court is required to hold an evidentiary hearing "unless the motion and the files

23   and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. §

24   2255(b); see also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v.

25   Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).  Evidentiary hearings are particularly appropriate

26   when "claims raise facts which occurred out of the courtroom and off the record."  United States

27   v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).  To be entitled to an evidentiary hearing the

28   movant must provide "specific factual allegations that, if true, state a claim on which relief could

4

1  be granted." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v.

2  Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

3      **III.**    **Analysis**

4         After reviewing the record in this case, the court cannot say that movant's ineffective

5  assistance of counsel claim fails to state a claim or is "so palpably incredible or patently frivolous

6  as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.

7  1996) (citations omitted).  The undersigned is unable to make a credibility assessment of

8  movant's statements concerning whether he would have accepted the 20 year plea offer on the

9  basis of a cold record.  In this case, the ineffective assistance of counsel claim concerns the

10  discussions between movant and his trial counsel which occurred off the record.  See United

11  States v. Burrows, 872 F.2d at 917.  Additionally, the court notes that there is no evidence that

12  movant was advised of the 120 year maximum punishment on all counts in the indictment as part

13  of his arraignment.  See ECF No. 373 at 3 (transcript of initial appearance on the complaint

14  informing movant that "[i]f convicted, there are maximum potential penalties of 20 years in

15  prison…."), ECF No. 375 (transcript of February 4, 2011 arraignment indicating that movant was

16  given a copy of the original indictment).  For all these reasons, the court orders an evidentiary

17  hearing.  See United States v. Chacon–Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000)

18  (remanding for evidentiary hearing where counsel allegedly underestimated defendant's actual

19  sentence by 102 months and court was confronted with conflicting affidavits by individuals who

20  never testified at trial).

21         The court will briefly address the two-prong Strickland standard in light of the record

22  evidence at this preliminary juncture in order to guide the parties' preparation for the evidentiary

23  hearing.  With respect to the performance prong of the ineffective assistance of counsel claim, the

24  record indicates that movant's counsel did not advise him that his maximum sentencing exposure

25  was 120 years.  Respondent does not submit, nor point to, any record evidence to the contrary

26  even after having obtained the relevant portions of trial counsel's file in this case.  See ECF No.

27  361.  Absent any additional evidence, the court must resolve movant's § 2255 claim on the

28  prejudice prong of Strickland.

With respect to the prejudice resulting from trial counsel's misadvice, respondent argues that movant rejected the idea of a 20 year plea while his case was on appeal as evidence that he was unwilling to plead guilty.  However, the court does not find that argument determinative because movant's calculus for rejecting that offer was based on appellate counsel's advice that if he won on appeal he would face no additional prison time.  See ECF No. 367 at 5 (sealed).  So movant's choice at that juncture was time served if he won on appeal or 20 years if he withdrew his appeal and pleaded guilty.  However, that was not the same choice that movant faced when deciding whether to accept the government's plea offer or go to trial.  Reviewing the contemporaneous evidence of movant's views on pleading guilty does not resolve whether he was adamant about going to trial because he believed he faced the same punishment if he pleaded guilty, or, whether he was adamant about going to trial because he was unable to admit that he had the intent to defraud anyone.  See Lee v. United States, 137 S. Ct. 1958, 1966-67 (2017) (emphasizing that "[t]he decision whether to plead guilty also involves assessing the respective consequences of a conviction after trial and by plea…. For example, a defendant with no realistic defense to a charge carrying a 20-year sentence may nevertheless choose trial, if the prosecution's plea offer is 18 years.") (citation omitted).  Therefore, an evidentiary hearing is necessary in this case to resolve movant's § 2255 claim.

In light of the court's decision to schedule an evidentiary hearing, the court finds that the interests of justice require the appointment of counsel for movant.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1.  Movant's § 2255 motion docketed on March 1, 2018 (ECF No. 351) is stricken from the docket because it was not signed.[4]  See Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2.  Movant is granted the appointment of counsel for the limited purpose of preparing for and conducting the evidentiary hearing.  Because the Federal Defender's Office has an

---

[4]  The signed copy of this same pleading was subsequently received by the court and docketed on March 6, 2018 and is the operative pleading before the court.

1     actual conflict of interest in this case, the court hereby appoints Kresta Daly from the

2     Eastern District's CJA panel.

3  3.  Within 30 days from the date of this order, the parties are directed to meet and confer

4     regarding the scheduling of the evidentiary hearing in this matter.

5  4.  Within 45 days from the date of this order, the parties shall submit a status report to

6     the court addressing the following issues:

7     a.  The anticipated length of the evidentiary hearing.

8     b.  The witness(es) that each party expects to call at the hearing.

9     c.  Any exhibits that either party anticipates offering.

10    d.  The existence of any disputed evidentiary issues.

11    e.  The existence of any undisputed factual issues including whether the evidentiary

12       hearing may be limited to the issue of prejudice under Strickland v. Washington,

13       466 U.S. 668 (1984), or whether the parties are contesting the issue of trial

14       counsel's performance.

15    f.  The existence of any stipulations reached between the parties.

16    g.  Three proposed dates for the hearing in which all counsel and witnesses are

17       available.

18    h.  Whether the evidentiary hearing may be conducted remotely by Zoom

19       videoconference or whether an in-person hearing is necessary.

20    i.  Any further scheduling issues of which the court should be aware.

21 5.  The parties are encouraged to submit a joint status report within the time permitted, if

22    possible.

23 6.  Following submission of the parties' status reports, the court will issue an order

24    scheduling the evidentiary hearing along with a writ of habeas corpus ad testificandum

25    to secure movant's presence at the hearing.

26 /////

27 /////

28 /////

7.  Movant's § 2255 motion is fully briefed and is deemed submitted on the papers.
Therefore, the parties are directed not to file any additional legal memorandum or
briefs prior to the scheduled evidentiary hearing unless ordered by the court.

Dated:  October 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jack0054.evid.hearing.docx