UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CHRISTOPHER JACKSON,<br><br>Movant. | No.  2:11-cr-0054-TLN-CKD-1<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner collaterally attacking his conviction and sentence pursuant to 28 U.S.C. § 2255.  ECF No. 353.  Respondent has filed an opposition, ECF No. 383, and movant filed a reply brief.  ECF No. 386.  On October 4, 2022, the court appointed movant counsel for the limited purpose of preparing for, and conducting, an evidentiary hearing on movant's ineffective assistance of counsel claim.  ECF No. 404.  The court conducted the evidentiary hearing on March 8, 2023.  See ECF No. 428.  For the reasons set forth below, the undersigned recommends denying movant's motion to vacate, set aside or correct sentence.

**I.      Factual and Procedural History**

Movant was convicted following a jury trial of six counts of wire fraud.  ECF No. 206 (Verdict Form).  During trial, movant testified in his own defense.  See ECF No. 245 (trial transcript).  On February 26, 2015, he was sentenced to 60 months on each count to be served consecutively for a total term of 360 months. ECF No. 277 (Judgment and Commitment Order).

At sentencing, the district court imposed an enhancement for obstruction of justice finding that movant's trial testimony was "knowingly false, material, and under oath." ECF No. 290 at 229.

Movant's conviction was affirmed on direct appeal. See United States v. Jackson, 658 Fed. Appx. 832 (9th Cir. 2016); see also ECF No. 338. In its memorandum opinion, the Ninth Circuit Court of Appeal found that the evidence presented at trial was sufficient for a reasonable jury to "conclude that Jackson participated in a scheme to defraud, used wire transfers in furtherance of the scheme, and specifically intended to defraud his victims." ECF No. 338 at 1-2. Specifically, the Court of Appeal explained that "Jackson misrepresented to investors that the money they loaned would be used to fund 'no-risk' real estate development projects when in actuality Jackson used the money they loaned to pay for Jackson's personal expenses and to pay Genesis' earlier investors." ECF No. 338 at 2.

Movant filed the instant § 2255 motion raising a single ineffective assistance of counsel claim based on trial counsel's failure to inform him that his statutory maximum sentencing exposure on all counts was 120 years. ECF No. 353 at 2. As a result of his attorney's error, movant rejected a plea offer of 20 years because he was advised that the maximum sentence following a trial and conviction on all six counts was only 20 years. ECF No. 353 at 2. According to movant, "[h]ad I understood that going to trial risked up to a 120 year sentence, I would have asked [trial counsel] to continue negotiating, and I would have accepted the 20 year plea offer." Id. In support of this claim, movant attached an affidavit from his appellate counsel who "discovered that Mr. Jackson had been misadvised about the possible sentence in this case by his trial counsel…." ECF No. 353 at 5. Trial counsel "advised Mr. Jackson by letter dated December 9, 2013 that the maximum sentence he could receive if he went to trial and lost was 20 years—specifically that the 'worst case' was a [sentencing] range of 151-188 months or 'even if we lose all sentencing arguments' a range of 235-240 months." ECF No. 353 at 6. Trial counsel confirmed that "his advice with respect to the possible sentence had been in error." See ECF No. 353 at 6.

In its opposition to the § 2255 motion, respondent contends that movant cannot prove prejudice resulting from his trial counsel's misadvice. See ECF No. 383. Respondent asserts that

2

movant would not have successfully pleaded guilty to a single count of wire fraud because he "consistently and explicitly denied" the mens rea element of that offense in his trial testimony and in his presentence interview.  ECF No. 383 at 1; see also ECF No. 252 at 8 (Final Presentence Investigation Report).  Additionally, respondent points out that movant's sworn statement in his § 2255 motion that he would have accepted the 20 year plea offer is contradicted by his trial testimony and his statement to the probation officer prior to sentencing.  ECF No. 383 at 2.  "Jackson's steadfast unwillingness to admit intent to defraud may well be why…" appellate counsel "asked if Jackson would plead to 'some offense other than Wire Fraud, such as sale of unregistered securities.'"  ECF No. 383 at 7 (citing ECF No. 367 at 5).  Secondly, even if movant would have been willing to admit his intent to defraud, he would not have agreed to a 20 year sentence because even the affidavit from his appellate counsel indicates that movant was unwilling to negotiate a 20 year sentence in exchange for dismissing his direct appeal. ECF No. 383 at 1-2.

In his reply, movant emphasizes that "nothing in the court record or trial file shows that [trial counsel] properly communicated the terms of the plea agreement" because he was never told about his exposure of consecutive prison sentences if he lost at trial.  ECF No. 386 at 4.  With regard to prejudice, movant points out that the only issue is "what was in Jackson's mind when he was weighing his decision to proceed to trial or not."  ECF No. 386 at 7.  According to movant, he "would not have risked a possible prison sentence totaling 120 years verses [sic] accepting a plea agreement that maxed out his prison term to 20 years."  ECF No. 386 at 5.

**II.    Summary of Evidentiary Hearing**

Because the motion and the records of the case did not conclusively show that movant was or was not entitled to relief, this court ordered an evidentiary hearing on movant's ineffective assistance of counsel claim.  See ECF No. 404; see also 28 U.S.C. § 2255(b); United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).

At the hearing, movant testified about his discussions with his former trial counsel concerning his worst-case sentencing exposure as well as plea offers from the government.  On

direct examination movant testified that he rejected the government's plea offer "[b]ecause if the worst… outcome… would be 20 years, then it made sense to try to go to trial and it could possibly be a better outcome…." ECF No. 430 at 31. According to his testimony, movant did not learn that his statutory maximum sentence was 120 years until after he was convicted. ECF No. 430 at 33. Had he known this, he would have not gone to trial. Id. When confronted with letters from his former trial counsel that explained possible sentencing ranges less than, as well as more than, 20 years under the Guidelines, movant repeatedly testified that he could not recall any of these exhibits. See ECF No. 430 at 37-38, 44, 46, 48-49, 51-55; see also ECF No. 363 at 32-34 (Government's Evidentiary Hearing Exhibits 7-9) (sealed). During the evidentiary hearing, movant had noticeable difficulty admitting that he had the intent to defraud the victims in this case. He testified that "[n]o, I didn't believe that I was – at the time I didn't believe that I was – I defrauded the investors unintentionally…." ECF No. 430 at 63.

Movant also called two character witnesses to testify about his reasonableness in decision making, although neither of these witnesses discussed movant's criminal case with him at any point. See ECF No. 430 at 5-28.

At the evidentiary hearing, the government called three witnesses including movant's former trial counsel and his former appellate counsel. Former trial counsel testified that although movant's statutory maximum sentence was 120 years, his advice about sentencing exposure was more focused on the advisory United States Sentencing Guidelines. ECF No. 430 at 123-24. Trial counsel denied ever telling movant that if he plead guilty he would get a 20 year sentence. ECF No. 430 at 137. Appellate counsel testified that even during the course of his appeal, movant "was reluctant to admit to fraud" and "didn't want to say he was defrauding people." ECF No. 430 at 101, 105.

**III.    Legal Standards**

A habeas petitioner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a). If any of these grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Movant carries the burden of establishing that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. See United States v. Frady, 456 U.S. 152, 170 (1982).

The two prong Strickland v. Washington, 466 U.S. 668 (1984), standard governs movant's ineffective assistance of counsel claim. In order to be entitled to relief, movant has the burden of establishing: 1) that his defense counsel's performance was deficient; and, 2) that he was actually prejudiced by counsel's acts or omissions. When reviewing the performance prong, the court must determine, whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Strickland, 466 U.S. at 690. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

The Sixth Amendment right to counsel "extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162 (2012). To prevail on such a claim, a petitioner must demonstrate that the advice he received from his counsel was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer.'" Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002)(quoting United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992)). To establish prejudice where a defendant claims defective advice of counsel caused him to reject a plea offer and proceed to trial, the defendant must demonstrate that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler, 556 U.S. at 164.

/////

### IV.     Analysis

In applying these standards to the pending ineffective assistance of counsel claim, the court has considered the record evidence in addition to the testimony presented at the evidentiary hearing.  The court assesses the conflicting evidence in this case based on the credibility of the witnesses presented at the evidentiary hearing.  Although former trial counsel testified, the resolution of this case turns entirely on movant's credibility.  Much like the trial jury and the sentencing judge who all deemed movant's trial testimony to be incredible, the undersigned finds that movant's testimony during the evidentiary hearing also strained credulity.  See ECF No. 290 at 228-229 (trial court's finding that movant's testimony was "knowingly false, material, and under oath" so as to support an obstruction of justice sentencing enhancement).  Movant's lack of credibility is demonstrated by the numerous instances in which he claimed not to recall documentary evidence rebutting his allegations, as well as other inherently incredible statements during his testimony.  See e.g., ECF No. 430 at 72 (movant's testimony explaining that his sentencing allocution was not made for the purpose of getting a lower sentence).

Based on this credibility finding, the court elects to resolve the ineffective assistance of counsel claim solely under the Strickland prejudice prong.  See Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (emphasizing that a "[f]ailure to satisfy either prong of the Strickland test obviates the need to consider the other.").  Based on the evidence presented at the hearing, the court concludes that there is no reasonable probability that movant would have accepted a plea offer that required admitting his intent to defraud the victims in this case.  Movant persistently refused to admit this element of wire fraud throughout the pendency of his case, even after he was convicted by a jury and his case was on appeal.  His former appellate counsel testified at the evidentiary hearing that movant "was reluctant to admit to fraud" and "he didn't want to say he was defrauding people."  ECF No. 430 at 101, 105.  Although movant tried to split hairs during his testimony by explaining that he never understood the legal definition of intent, the court does not find this explanation to be credible.  During the evidentiary hearing, movant had noticeable difficulty admitting that he had the requisite intent to defraud the victims in this case.  ECF No. 430 at 63, 65.  On cross-examination, movant stated that he did not believe he was guilty at the

time of trial. ECF No. 430 at 65. In light of movant's persistence in denying his intent to defraud, the undersigned finds that there is no reasonable probability that he would have accepted a plea offer in this case which required admitting this element of the offense. Even based on his own testimony at the evidentiary hearing, movant merely indicated that he "would have entertained" a "reasonable offer." ECF No. 430 at 47. However, entertaining a plea offer is far from accepting a plea offer. In light of all of this evidence, the undersigned finds that movant has not met his burden of demonstrating that he would have accepted a plea offer to committing wire fraud in this case.[1] For this reason alone, movant is not entitled to relief on his claim that trial counsel rendered ineffective assistance of counsel for failing to advise him of the statutory maximum sentence if he went to trial.[2] Based on movant's adamant denials that he had the intent to defraud, there is no reasonable probability that this case would have been resolved via a guilty plea. See Lafler, 556 U.S. at 164.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 353) be denied.

2. The Clerk of Court shall close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of

---

[1] Moreover, there is no evidence before the court that any such guilty plea would have been accepted by the district court judge assigned to this case after conducting the required plea colloquy. See Fed. R. Crim. P. 11(b)(1); see also Lafler v. Cooper, 556 U.S. at 164 (emphasizing that petitioner must demonstrate that the court would have accepted the terms of the plea offer in order to demonstrate prejudice under Strickland). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

[2] In the interests of judicial economy, the court finds it unnecessary to address the performance prong of Strickland in this case.

the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jack0054.f&r.EH.docx